COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Lemons

JAMES ERIC COX

MEMORANDUM OPINION[*]

v.    Record No. 1422-98-3             PER CURIAM
                                     NOVEMBER 10, 1998

GOODMAN HARDWARE GLASS

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(A. Thomas Lane, Jr., on brief), for
appellant.

(Andrew R. Blair, on brief), for appellee.


James Eric Cox ("claimant") contends that the Workers'
Compensation Commission ("commission") erred in finding that he
failed to prove that his right knee condition was a compensable
consequence of his April 22, 1995 left knee injury.  Upon
reviewing the record and the briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily
affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that on April 22, 1995,
claimant sustained a compensable left knee injury while working
for Goodman Hardware Glass.  Claimant came under the care of Dr.
David A. Felder, Jr., who performed arthroscopic surgery on

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant's left knee in May 1995 and again in February 1996.

On April 11, 1997, claimant came under the care of Dr. George A. Godette.  On that date, claimant reported complaints of left knee, left hip, and right knee pain to Dr. Godette.[1]  Dr. Godette eventually diagnosed claimant as suffering from a medial meniscus tear of the right knee and performed arthroscopic surgery on that knee in September 1997.

In his September 18, 1997 office notes, Dr. Godette documented his conversation with claimant's rehabilitation counselor, who inquired whether there was a causal relationship between claimant's right knee condition and his compensable left knee injury.  Dr. Godette wrote that, "The patient seems to think so, but I have no proof either way."

On November 4, 1997, claimant's counsel posed the following written question to Dr. Godette:

> More probably than not, would it be your opinion that the claimant's right knee condition is a compensable consequence to his left knee injury of April 22, 1995?

Dr. Godette wrote his initials on the blank line next to the "Yes" response.

In his December 16, 1997 deposition testimony, Dr. Godette admitted that claimant's right knee symptoms could have developed from a number of different causes.  Dr. Godette testified that he based his affirmative response to claimant's counsel's question

---

[1]The medical records generated between April 22, 1995 and April 10, 1997 contain no reference to right knee pain.

upon claimant's statement that he thought his right knee condition was work-related.  Dr. Godette acknowledged that any opinion he might give that the right knee condition was causally related to the left knee injury would be based upon claimant's statements to him.  In essence, Dr. Godette stated that if claimant said his right knee condition was work-related and he had no reason not to believe claimant, then "the scales are tipped in favor of, yes, this is a work-related injury or at least has something to do with this injury from work."

Based upon this record, the commission held that claimant failed to prove that his right knee condition was a compensable consequence of his left knee injury.  In so ruling, the commission, quoting the deputy commissioner, noted that, "'At no time was Dr. Godette able to explain the role the left knee injury or its treatment had in generating the right knee symptoms.'"  The commission found that "Dr. Godette's response to the specific question of the rehabilitation specialist – that he had no proof either way – accurately described his opinion."  The commission concluded that "[a]lthough the claimant believed that there was a causation, the medical evidence is speculative."

In Virginia, "[t]he doctrine of compensable consequences is well established and has been in existence for many years." Williams Indus., Inc. v. Wagoner, 24 Va. App. 181, 186, 480 S.E.2d 788, 790 (1997).

> This doctrine, also known as the chain of causation rule, provides that "'where the chain of causation from the original

> industrial injury to the condition for which compensation is sought is direct, and not interrupted by any intervening cause attributable to the [employee's] own intentional conduct, then the subsequent [condition] should be compensable.'"

Food Distributors v. Estate of Ball, 24 Va. App. 692, 697, 485 S.E.2d 155, 158 (1997) (quoting Leadbetter, Inc. v. Penkalski, 21 Va. App. 427, 432, 464 S.E.2d 554, 556 (1995)) (other citation omitted).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

As fact finder, the commission was entitled to weigh the medical evidence and to give greater weight to Dr. Godette's September 18, 1997 statement to the rehabilitation counselor than to his November 4, 1997 response to claimant's counsel's written question.  In light of Dr. Godette's September 18, 1997 statement; his admission that claimant's right knee symptoms could have developed from a number of different causes; and his acknowledgment that any opinion on causation that he rendered would be based upon claimant's belief in a causal connection, the commission was entitled to conclude that the medical evidence failed to prove a causal connection between claimant's compensable left knee injury and his right knee condition.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213,

- 4 -

215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that claimant's right knee condition was a compensable consequence of his left knee injury. Accordingly, we affirm the commission's decision.

<u>Affirmed</u>.