COURT OF APPEALS OF VIRGINIA


Present: Judges Beales, Alston and Senior Judge Annunziata
Argued at Alexandria, Virginia


LAND N SEA DISTRIBUTING, INC. AND
  ZURICH AMERICAN INSURANCE COMPANY

                                             MEMORANDUM OPINION* BY
v.      Record No. 1269-09-4          JUDGE ROSEMARIE ANNUNZIATA
                                             FEBRUARY 9, 2010
JOHN A. DeHAVEN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kathryn Lea Harman (Andrew M. Alexander; Semmes, Bowen &
            Semmes, on briefs), for appellants.

            W. David Falcon, Jr. (Chasen Boscolo, on brief), for appellee.


        Land N Sea Distributing, Inc. and Zurich American Insurance Company (employer)

appeal the decision of the Virginia Workers' Compensation Commission awarding temporary

total disability benefits to John A. DeHaven to compensate him for disability resulting from a

workplace accident on April 12, 2005. Employer contends on appeal that the commission erred

by (1) concluding DeHaven was entitled to temporary total disability benefits beginning August

7, 2007; (2) improperly applying the "two causes rule"; (3) concluding DeHaven's disability was

related to his shoulder injury; and (4) concluding DeHaven was totally disabled. For the

following reasons, we affirm the commission's decision.

                                    I. Background

        We view the evidence and all reasonable inferences that may be drawn in the light most

favorable to DeHaven, the prevailing party below. Clinchfield Coal Co. v. Reed, 40 Va. App.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

69, 72, 577 S.E.2d 538, 539 (2003). The record, so viewed, establishes that DeHaven injured his left shoulder in a work-related accident on April 12, 2005. The parties executed an agreement to pay temporary total disability benefits from April 27 through November 7, 2005, as well as medical benefits for DeHaven's shoulder injury. DeHaven's wage loss award was terminated November 8, 2005 because he returned to light-duty work with employer at a wage equal to or greater than his pre-injury average weekly wage. From November 2005 through February 2007, DeHaven worked for employer as a delivery truck driver. Because DeHaven's workplace injury prevented him from heavy lifting, he conducted his route with the assistance of a co-worker. DeHaven was laid off in February 2007.

On October 15, 2007, DeHaven filed for workers' compensation benefits for injuries to his left shoulder, as well as additional injuries to his left arm and neck, resulting from his April 12, 2005 accident. On October 22, 2008, a deputy commissioner determined DeHaven's claim for injury to his neck was barred by the statute of limitations.[1] The deputy commissioner then applied the "two causes rule" and concluded DeHaven's disability arose from two causes: the work-related shoulder injury, and the time-barred and unrelated degenerative neck injury. DeHaven was granted temporary total disability benefits beginning August 7, 2007, and continuing, as well as ongoing medical benefits for his shoulder injury.

On review, the commission affirmed the ruling of the deputy commissioner, concluding the evidence established DeHaven's left shoulder injury contributed to his disability and, under the "two causes rule," DeHaven's injury was compensable. This appeal followed.

---

[1] DeHaven did not appeal that ruling to the commission, and it is now final.

II. Analysis

On appeal, employer contends the commission erred in concluding DeHaven was disabled and in granting temporary total disability and medical benefits to him for his shoulder injury. Employer also argues the commission erred in concluding DeHaven was entitled to benefits based upon the "two causes rule" and that the evidence did not establish whether DeHaven's disability was caused by his left shoulder problems, his neck problems or some combination of the two.

"The 'two causes rule' addresses those cases 'where a disability has two causes: one related to the employment and one unrelated.'" Duffy v. Commonwealth, 22 Va. App. 245, 251, 468 S.E.2d 702, 705 (1996) (quoting Smith v. Fieldcrest Mills, Inc., 224 Va. 24, 28, 294 S.E.2d 805, 808 (1982)). "Under the two causes rule, 'full benefits [are] allowed when it is shown that the employment is a contributing factor.'" Id. (quoting Smith, 224 Va. at 28-29, 294 S.E.2d at 808) (alteration in original).

Here, the evidence before the commission was comprised of medical evidence from at least eight physicians, as well as the testimony from DeHaven who stated that problems from both his left shoulder and his neck were preventing him from returning to work. That DeHaven suffered an injury to his shoulder as a result of a work accident was established by Drs. Jeffrey Cuomo and Peter Sebastian. Dr. Cuomo concluded DeHaven suffered a small tear of the glenoid labrum in his left shoulder after "pulling a heavy tailgate" at work. Dr. Sebastian conducted an independent medical examination (IME) and concluded DeHaven's shoulder symptoms were related to his work injury. [2] In addition, Dr. Felix M. Kirven conducted an IME in August 2008

---

[2] Dr. Sebastian also opined that DeHaven's neck problems resulted from degenerative disc disease.

- 3 -

and stated that, based on a physical examination and the medical records, DeHaven sustained a left shoulder strain as a result of the work accident.[3]

DeHaven's inability to work was established by the following medical evidence. In July 2007, Dr. William Russell diagnosed DeHaven with both neck and shoulder injuries including: cervical sprain with left upper extremity radiculopathy, left shoulder strain, and left glenoid labral tear. He concluded appellant was unable to work. In August 2007, DeHaven's treating physician, Dr. Amy E. Fales, also concluded DeHaven was unable to work.[4] This diagnosis remained unchanged through the last medical report prior to review by the commission.

Finally, DeHaven established that his inability to work was caused by his shoulder injury. See Dollar General v. Cridlin, 22 Va. App. 171, 177, 468 S.E.2d 152, 155 (1996) (the commission may consider the testimony of DeHaven in establishing medical causation). After reviewing the medical opinions, as well as the testimony of DeHaven, in the light most favorable to the prevailing party below, we conclude the record contains credible evidence supporting the

---

[3] Dr. Kirven also concluded DeHaven's neck injury was not work related. He also concluded DeHaven was not totally disabled from his work-related injury. By its ruling, the commission did not agree with Dr. Kirven's opinion that DeHaven was not totally disabled by his work-related injury.

[4] Employer contends the commission erred in relying on the medical records of Dr. Fales and the other doctors from St. Paul & Biddle Medical Center because DeHaven failed to disclose to them that he received treatment for bursitis in his left shoulder in 1999. We disagree. The evidence established DeHaven was diagnosed with and sought treatment for bursitis on one occasion in May 1999. After this diagnosis, DeHaven performed the duties of his job, without assistance, for almost five years. After DeHaven's work-related injury, he was diagnosed with a left shoulder glenoid labral tear. Employer stipulated to DeHaven's injury, and none of the physicians whose opinions were presented to the commission attributed DeHaven's disability to bursitis. By its ruling, the commission concluded DeHaven's failure to disclose his previous diagnosis of bursitis did not affect his claim for injuries for his left shoulder glenoid labral tear. As a finder of fact, the commission is entitled to weigh the evidence and determine whether the omission of his diagnosis for bursitis rendered Dr. Fales's medical opinion faulty. "We do not retry the facts before the commission, nor do we review the weight, preponderance of the evidence, or credibility of the witnesses." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983).

commission's conclusion that DeHaven's work-related shoulder injury was a contributing factor in DeHaven's disability and, applying the "two causes rule," see Leadbetter, Inc. v. Penkalski, 21 Va. App. 427, 432, 464 S.E.2d 554, 557 (1995), the commission did not err in finding DeHaven totally disabled and entitled to temporary total disability benefits. "'The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding.'" Henrico County Sch. Bd. v. Etter, 36 Va. App. 437, 444, 552 S.E.2d 372, 375 (2001) (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

Employer also contends DeHaven's testimony negates the physicians' opinions that the work accident rendered him totally disabled. DeHaven testified before the commission that he had been actively seeking work since he was laid off in February 2007. Relying on this testimony, employer argues disability benefits are inappropriate because benefits are intended for people who are disabled, not for people who simply cannot find work.

In this case, Dr. Fales, DeHaven's treating physician, as well as Dr. Russell, determined DeHaven's injuries rendered him totally disabled. Although DeHaven testified that he has continued to look for work because he "had to. I've been without money other than what I had in my 401 . . . ," he also testified that he has been unable to find any jobs he can perform within his physical disabilities. We will not penalize DeHaven for seeking work despite his disability due to financial necessity, and we defer to the opinion of DeHaven's treating physicians who concluded he was totally disabled. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1985) (great weight given to opinion of attending physician).

### III. Conclusion

Credible evidence in the record supports the commission's conclusions that DeHaven's work-related shoulder injury was a contributing factor to his disability and, applying the "two

causes rule," that DeHaven was totally disabled and entitled to temporary total disability benefits beginning August 7, 2007.

                                                              Affirmed.