**Alexandria**

HERBERT BROTHERS, INC.

and

LIBERTY MUTUAL FIRE INSURANCE CO.

v.

GLENN L. JENKINS

No. 0497-91-4

Decided June 16, 1992

COUNSEL

Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellants.

Robert R. Donlan, for appellee.

OPINION

**BAKER, J.**—Herbert Brothers, Inc. and Liberty Mutual Fire Insurance Co. (jointly referred to as employer) appeal from an adverse decision of the Virginia Workers' Compensation Commission* (commission). In this appeal, employer asserts that the commission erred (1) when it found that Glenn L. Jenkins (claimant) had made a reasonable effort to market his residual capacity even though he did not register with the Virginia Employment Commission, and (2) when it determined that employer was responsible for medical costs and disability benefits after June 27, 1990.

Claimant was injured while at work on July 25, 1989. Employer agrees that claimant sustained significant left shoulder, neck and lower back injuries by accident arising out of and in the course of his employment. Employer voluntarily paid benefits without an award from the date of injury to February 27, 1990, on which date it refused to make any further payments. Claimant filed an application for hearing on April 24, 1990, in which he claimed continuing total incapacity from July 26, 1989. The hearing was held on September 28, 1990. At the hearing, employer defended on the basis that, pursuant to Code § 65.1-63, no further payments were due because claimant had failed to market his residual capacity and that the treating physician's June 27, 1990 report disclosed that claimant's condition after June 27, 1990 could not be attributed to the July 25, 1989 accident. The latter position was taken by employer because in a June 27, 1990 report, the treating physician, Dr. G. G. Craun, Jr., stated that he did not know why claimant continued to be disabled.

---

\* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the commission's decision was rendered in this case.

Dr. Craun diagnosed claimant's injury as cervical lumbar sprain and strain. On February 14, 1990, he indicated that claimant should be able to return to work in two weeks; however, when he saw claimant on March 5, 1990, he projected that an additional three or four weeks would be required before claimant could return to regular duty. The commission found that Dr. Craun did not release claimant for return to work until April 16, 1990, and then only to light duty.

## I.

In order to continue to receive benefits under the Workers' Compensation Act, a claimant who has been injured in a job-related accident must market his remaining capacity to work. *National Linen Serv. v. McGuinn*, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989); Code § 65.1-63. A claimant must make a "reasonable effort" to find work suitable to his or her ability to perform. To prove his compliance with the Code provision, claimant testified that within two days after being told by Dr. Craun that he could return to light duty he began seeking employment suitable to his remaining skills. He is a forty-nine year old man who for thirty-one years has worked only as a carpenter. His formal education is limited to seven years and he has no other skill. He stated that in March and April, he contacted employer and asked for assistance in finding employment. He received no response. He further stated that he applied for work at approximately thirty places of employment and filled out ten application forms. He gave pumping gas at gas stations and working at poultry plants as examples of non-carpentry type work he sought. He checked newspapers on a regular basis. He found that no one would hire him when they found he had been injured. He did not register with the Virginia Employment Commission (VEC) or any private employment agency.

Employer asks us to adopt a *per se* rule that would bar employees with residual skills from receiving benefits under the Workers' Compensation Act if they fail to register with the VEC. We decline to adopt that rule and find that the commission's decision that claimant made reasonable efforts to market his remaining work capacity within his physical limitations is supported by the

record.[1]

■ Employer relies on *National Linen* as support for its position. That case specifically noted that the employee had sought employment only with his father, and held that there was no bright line test as to what constitutes marketing one's residual capacity. *National Linen* recognized that there were a number of ways in which an employee could prove that "reasonable effort" had been made, and that registering with the VEC was an important one. The opinion listed some guidelines but did not hold that registration with the VEC was essential to continued benefits, nor do we. We concur with the view that each claim must be judged on a case-by-case basis. *Id.* at 272-73, 380 S.E.2d at 34-35; *see also Manis Constr. Co. v. Arellano*, 13 Va. App. 292, 411 S.E.2d 233 (1991).[2]

## II.

Employer further asserts that claimant failed to prove that his disability resulting from the July 25, 1989 injury continued after June 27, 1990. Employer bases that argument on a phrase taken from Dr. Craun's June 27, 1990 letter to Dr. John E. McAllister, which stated, "quite frankly, I am unable to determine just why this gentlemen remains unable to return to his regular job as a carpenter." In its argument, employer views the phrase out of context and disregards all the other reports prior and subsequent to June 27, 1990. The letter from Dr. Craun, an orthopedist, to Dr. McAllister, a neurosurgeon, merely sought the cause of claimant's pain so that it could be treated. Obviously, Dr. Craun suspected nerve involvement. In any event, although Dr. McAllister at the time of the hearing had been unable to pinpoint the cause of claimant's pain, he specifically expressed a belief that claimant's complaints were legitimate.

---

[1] Employer further argues that the commission should have given credit for $80 and $200 earned by claimant between February 27, 1990 and the date of the award, the period that employer failed to pay compensation required under the commission's decision. Claimant failed to respond to that issue and we will assume that he concedes that those sums may be deducted unless already paid.

[2] In *Manis*, an illegal alien was prohibited from seeking lawful work through his own efforts or through the Virginia Employment Commission. We held that because of these factors, the employee could not market his remaining physical skills. His claim was held to be barred not because of his illegal status or fact of failure to register with the Virginia Employment Commission, but rather because his illegal status prevented him from marketing his remaining skills.

We do not construe Dr. Craun's June 27, 1990 letter to Dr. McAllister as declaring that claimant's condition was not causally connected to his July 25, 1989 injury. The deputy commissioner, in her opinion, stated:

In addition the Commission finds that the claimant's condition is and has been as a result of the July 25, 1989 accident. While it is true that neither Dr. [sic] Craun or McAllister have been able to physically explain the claimant's subjective complaints, the context has always been in terms of the July 25, 1989 accident. In fact Dr. Craun specifically attributed the condition to the accident in his June 25, 1990 attending physician's report.

Contrary to employer's assertion, the commission addressed the causation issue when it approved that portion of the deputy commissioner's opinion, and we find that the record supports that finding. The record does not support the employer's assertion that claimant's incapacity did not result from the July 25, 1989 injury. As stated by the deputy commissioner, the doctors' reports uniformly attributed claimant's incapacity to the injury.

For the reasons stated, the award of the commission is affirmed.

*Affirmed.*

Duff, J., and Elder, J., concurred.