## Alexandria

ROBERT W. JOHNSON

v.

IVY H. SMITH, et al.

No. 0854-92-4

Decided March 30, 1993

COUNSEL

Lawrence J. Pascal (Ashcraft & Gerel, on briefs), for appellant.

Robert W. Dowler (Godard, West & Adelman, on brief), for appellee.

OPINION

**MOON, J.**—Robert W. Johnson, claimant, appeals the commission's finding that his claim for permanent partial disability benefits is barred by the thirty-six month statute of limitations of Code § 65.2-708. We disagree and reverse because claimant filed his change of condition application within the thirty-six month period, and uncontradicted evidence was presented of a present and existing disability within the thirty-six month period.

Claimant sustained a crush injury on December 23, 1985, when a 1,000 pound weight fell on his right hand. The claim was accepted and an award was entered on September 19, 1986, with the payment of compensation for temporary total work incapacity from December 23, 1985, through July 6, 1986. On February 17, 1989, Johnson filed an application for a hearing alleging an eleven percent permanent partial loss of use of his right hand. At the October 29, 1991 hearing, Johnson advised the deputy commissioner that he was seeking a thirty-five percent rating for permanent loss of use to his right hand.

Following the December 23, 1985 accident, Johnson came under the care of Dr. Oscar Rodriguez beginning January 13, 1986. Dr. Rodriguez diagnosed a torn radial collateral ligament of the MP joint of Johnson's right thumb, prescribed physical therapy, and placed the injured thumb in a cast until February 24, 1986. On June 9, 1986, Dr. Rodriguez performed a trigger-finger release of the right thumb. Dr. Rodriguez treated Johnson until July 3, 1986, when he released Johnson to return to work effective the following week.

Dr. Rodriguez did not examine Johnson again until July 30, 1991, after Johnson had filed his application for a change in condition. Dr. Rodriguez noted pain in Johnson's right thumb that was reported as having worsened during the past four months. Dr. Rodriguez opined that Johnson was developing post-traumatic arthritis. On September 9, 1991, Dr. Rodriguez reported that Johnson had a thirty-five percent partial loss of the use of the right hand, which he attributed to the December 23, 1985 injury. The deputy commissioner denied benefits, finding that Johnson had not established the existence of a permanent partial disability by July 6, 1989, thirty-six months from the date compensation was last paid. The deputy commissioner relied on our holding in *Hungerford Mechanical Corp. v. Hobson*, 11 Va. App. 675, 401 S.E.2d 213 (1991). The full commission affirmed, finding ''that there is no medical evidence that establishes any degree of a permanent-loss

of use within the thirty-six months from the date compensation was last paid."

■ "The Workers' Compensation Act has always been liberally construed for the benefit of employees and their dependents." *Chesapeake & Potomac Tel. Co. v. Williams,* 10 Va. App. 516, 519, 392 S.E.2d 846, 848 (1990).

Code § 65.2-708, entitled "Review of award on change in condition," states in pertinent part:

No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 [Permanent loss].

Here, claimant was last compensated for his injury on July 6, 1986. On February 17, 1989, within the thirty-six month limitation period, claimant filed an application for a hearing alleging permanent partial loss of his right hand pursuant to Code § 65.2-708.

The full commission, relying upon *Hungerford,* concluded that the permanent partial injury must be established by evidence within the thirty-six month limitation period and that there was no such evidence in this case.

In *Hungerford,* the claimant was injured on April 17, 1987, and filed an application for permanent partial disability on April 13, 1989, within the two year statute of limitations pursuant to Code § 65.1-87.1 (now Code § 65.2-601). We hold the *Hungerford* interpretation of Code § 65.2-601, entitled "Time for filing claim," also applies in this case to Code § 65.2-708 concerning the statute of limitations for review of an award on a change of condition.

At the time Hobson filed his application for benefits, he had suffered a compensable injury by accident. His application plainly specified that he was seeking benefits for permanent partial disability. "This disability was present and existing when the application was filed; therefore the application did not anticipate a future disability and did give the employer sufficient notice of the claim." Hobson's filing, thus, fulfilled the intent of the Act — that the injured employee assert, within the limitation period, the

existence of a claim growing out of a compensable injury by accident. In order to recover, Hobson had the burden of establishing by a preponderance of the evidence the existence of a disability which was the consequence of the injury by accident.

*Hungerford*, 11 Va. App. at 678, 401 S.E.2d at 215 (citations omitted).

 Uncontradicted evidence established Johnson's permanent disability was "present and existing when the application was filed." "Ordinarily, uncontradicted evidence should be accepted as true and cannot be wholly discredited or disregarded if not opposed to probabilities, even though the witness is an interested party. . . ." *Molash v. Commonwealth*, 3 Va. App. 243, 247, 348 S.E.2d 868, 871 (1986) (citations omitted).

After Johnson filed his February 17, 1989, application for a hearing based on a change in condition, asserting an eleven percent permanent partial disability to his right hand based on the December 23, 1985 accident, he was examined by Dr. Rodriguez on July 30, 1991. Dr. Rodriguez noted pain in Johnson's hand that was reported as having worsened during the past four months. On September 9, 1991, Dr. Rodriguez calculated that Johnson had suffered a thirty-five percent permanent partial disability and attributed the disability to the December 23, 1985 accident. Johnson was also examined by Dr. Shaffer, at his employer's request, who reported complications in Johnson's hand resulting in a twenty-three percent disability, which appeared to have been caused by the December 23, 1985 accident. Furthermore, Johnson testified that he has had pain and trouble gripping objects with his right hand beginning on the date of the accident and continuing to the date of the hearing, October 29, 1991.

Based on this evidence, we hold Johnson had a present and existing disability within the thirty-six month period of Code § 65.2-708. Although Johnson did not seek a diagnosis from Dr. Rodriguez until July 30, 1991, after the expiration of the thirty-six month period on July 6, 1989, this fact does not preclude a finding that a disability existed during the thirty-six month period, especially where, as here, the evidence was uncontradicted.

Two doctors attributed Johnson's present disability to the initial injury, and Johnson stated that the pain and disability have *continued* since the injury. On the evidence before us, we cannot accept the hypothesis that Johnson's injury disappeared during the thirty-six month

period from July 6, 1986 through July 6, 1989, and then re-appeared on June 30, 1991, when he again visited Dr. Rodriguez. The evidence established that Johnson's disability began on December 23, 1985 and continued through the statutory period of July 6, 1986 through July 6, 1989, and, thus, established compliance with Code § 65.2-708.

For these reasons, we reverse the commission's decision.

*Reversed.*

Koontz, C.J., and Barrow, J., concurred.