COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


CITY OF HAMPTON

v.          Record No. 0627-95-4      MEMORANDUM OPINION[*] BY
                                      JUDGE ROSEMARIE ANNUNZIATA
RICHARD WOODROW HANCOCK                    OCTOBER 31, 1995

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Joyce A. Melvin-Jones, Deputy City Attorney
           (Office of the City Attorney, on brief), for
           appellant.

           Michael A. Kernbach (Jack T. Burgess &
           Associates, P.C., on brief), for appellee.


     The employer, City of Hampton ("City"), appeals the Virginia

Workers' Compensation Commission's decision to award the

claimant, Richard Woodrow Hancock ("Hancock"), compensation for

an occupational disease.  The City alleges (1) that Hancock

failed to market his residual work capacity by filing for

retirement; and (2) that any award Hancock receives should be

offset by his current wages.  For the reasons that follow, we

reject the City's contentions and affirm the commission's award.

     On September 9, 1993, Hancock's physician advised him to

stop working as a firefighter, having concluded that his job was

a "contributing factor" to his hypertension.  The City does not

dispute that Hancock is entitled to the presumption provided by

Code § 65.2-402 that a firefighter's hypertension is a

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

compensable occupational disease suffered in the line of duty. In its brief, the City argued that the evidence overcame the statutory presumption. However, at oral argument, the City conceded that Hancock's employment caused his condition.

After his diagnosis, Hancock left work on approved leave. Hancock then applied for disability retirement in September 1993 and filed a workers' compensation claim later that fall. In November 1993, Hancock moved to Ocean City, Maryland and began working with a heating and air conditioning company. Hancock switched to leave without pay status when his sick leave ran out in February 1994. As of the hearing date, Hancock's retirement application had not been approved, and the City had not notified Hancock that his employment had terminated. Hancock testified that he remained a City employee on leave without pay.

Citing Code § 65.2-510, the City argues that Hancock is not entitled to continuing wage benefits because, by filing for retirement, he removed himself from the labor market. We disagree.

Code § 65.2-510 terminates continued benefits paid to an employee who refuses employment procured for him suitable to his capacity. E.g. Thompson v. Hampton Institute, 3 Va. App. 668, 670, 353 S.E.2d 316, 316-17 (1987) (addressing former Code § 65.1-63 recodified as § 65.2-510). In order to continue receiving workers' compensation benefits, a claimant must make a reasonable effort to market his remaining capacity to work.

<u>Herbert Brothers v. Jenkins</u>, 14 Va. App. 715, 717, 419 S.E.2d 283, 284 (1992); <u>National Linen Service v. McGuinn</u>, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989). In determining a claimant's "reasonable efforts," the commission may consider his voluntary removal from the job market. <u>McGuinn</u>, 8 Va. App. at 272 n.5, 380 S.E.2d at 34 n.5.

However, in order to support a finding under this section, "the record must disclose (1) a <u>bona</u> <u>fide</u> job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job." <u>Ellerson v. Grubb Steel Erection Co.</u>, 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985) (decided under former § 65.1-63). The employer bears the burden of showing that it procured for the employee a job offer within the employee's residual capacity. <u>Ellerson</u>, 1 Va. App. at 102, 335 S.E.2d at 382.

We find that the evidence in this case does not meet these requirements. It is undisputed that the City never offered Hancock a job within his remaining work capacity. The City argues that it was unable to offer Hancock a job because he had filed for retirement, thereby removing himself from the job market. However, at the date of the hearing, Hancock's application for retirement had not been approved. Indeed, approval of Hancock's application for disability retirement was never certain. Hancock's acts did not foreclose the City from

offering him alternative work.

Finally, the City asks that the Court off-set the claimant's award by his current wages. However, the City failed to show how the award was computed and how the award should be off-set. "Since this argument was not fully developed in the appellant's brief, [the Court] need not address this question." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 238 (1992) (citing Rogers v. Rogers, 170 Va. 417, 421, 196 S.E. 586, 588 (1938)). "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Id.

Accordingly, for the reasons stated, the award of the full commission is affirmed.

Affirmed.