COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis
Argued at Alexandria, Virginia


DAVIS H. ELLIOT CO., INC. and
 NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 2240-95-4          JUDGE JAMES W. BENTON, JR.
                                         APRIL 2, 1996
EVERETTE L. PRICE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert M. McAdam (Wooten & Hart, P.C.,
            on brief), for appellants.

            No brief or argument for appellee.



     On this appeal, the employer, Davis H. Elliot Co., Inc.,

contends that no credible evidence supports the commission's

findings (1) that Everette L. Price filed a claim for permanent

partial benefits on February 2, 1993, and (2) that Price's claim

was still pending.  We conclude that the findings are supported

by credible evidence, and we affirm the decision.

     The principle is well established that "[t]he commission's

findings of fact are conclusive and binding on us when there is

credible evidence in support of such findings."  Island Creek

Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788

(1988).  Equally well established is our obligation on appeal to

"review the evidence in the light most favorable to the

prevailing party [in the commission]."  R.G. Moore Building Corp.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Viewed in the light most favorable to Price, the evidence proved that on November 2, 1988, Price was shocked by a 13,800 volt electrical charge while working for the employer. The employer and Price signed a memorandum of agreement for payment of compensation for burn injuries to Price's left hand and right leg. Consistent with their agreement, the commission entered an award of compensation for temporary total disability from November 10, 1988. Effective February 6, 1991, the employer suspended Price's benefits because Price refused selective employment and failed to cooperate with vocational rehabilitation services. The commission upheld the suspension.

This appeal arises from a hearing and decision that occurred after the commission received a claim from Price on February 19, 1993. At the hearing, the employer defended, as pertinent to this appeal, on the grounds that Price's claim was barred by the two year statute of limitations of Code § 65.2-708. At the evidentiary hearing, Price testified, however, that he mailed his claim for benefits and a handwritten letter to the commission on February 2, 1993. Price also entered in evidence a certified mail receipt to show that a document was mailed to the commission on February 2, 1993. He testified that the claim form and letter the commission received on February 19, 1993, were sent by certified mail on February 2, 1993.

Peggy Sink testified that she went with Price to the post

office on February 2 to mail some documents.  Another witness, Anita Lawrence, testified that Price came to her office and obtained a claim form for disability benefits.  Although she recalled that Price obtained the form on February 2, her telephone log indicates he was in her office on February 1.  She also testified that Price later told her he had mailed the form and the letter by certified mail on February 2.

In the letter the commission received from Price on February 19, Price indicated that he was unable to contact his attorney. He also stated that he had a permanent injury and was totally disabled.  On the claim form that accompanied the letter, Price noted that his claim was for injury by accident, referred to the prior award, and indicated that he was seeking compensation for wage loss and medical benefits.  In a letter filed with the commission on July 21, 1994, Price's attorney specifically raised the issue of Price's permanent injuries.

Based upon these facts and other evidence in the record, the deputy commissioner found that Price's handwritten letter had sufficiently stated a claim for permanent partial disability benefits and that Price's claim was filed on February 2, 1993. The deputy commissioner also found that Price was not entitled to temporary total disability benefits because the medical evidence did not conclusively show he was totally disabled.  The deputy commissioner further found that Price was partially disabled and that, even if Price had made a good faith effort to obtain light

work, he had not offered to cooperate with vocational rehabilitation services.  The deputy commissioner then denied Price's application for permanent partial benefits because the evidence did not prove that Price had reached maximum medical improvement.  The deputy commissioner further ruled that the claim for permanent partial benefits would remain pending.  The commission affirmed the deputy commissioner's findings.

The facts recited above were proved in evidence and accepted by the commission.  The documentary evidence proved that the letter and claim form were received by the commission and that the receipt for certified mail dated February 2, 1993, contained the same document number that was handwritten on the letter and claim form.  In addition, Price and two witnesses gave testimony from which both the deputy commissioner and the commission concluded that the documents were mailed February 2, 1993.  We conclude that credible evidence supports the commission's findings that Price's claim was filed when mailed on February 2, prior to the expiration of the February 6, filing deadline.

The commission's finding that Price's documents were sufficient to establish a claim for permanent partial disability benefits also finds support in credible evidence.  Price's letter stated that he sought "to protect my rights of a perman[ent] injury."  The commission could reasonably find that Price sought to claim benefits for the injuries noted in both the letter and the claim form.

The commission also found as follows:

> Although a view of [Price] revealed extensive scarring on his legs, which the Deputy Commissioner found to be related to the accident, the medical reports do not establish that he has reached maximum medical improvement.  The Court of Appeals has held that where uncontradicted evidence proves a present and existing disability, a claim for permanency is timely if filed under the thirty-six month period.  Therefore the claim, although not ripe, is still pending. <u>Johnson v. Ivy H. Smith</u>, 16 Va. App. 167, 169, 428 S.E.2d 508 (1993).

These findings, as are the others, are supported by credible evidence and are binding on appeal.  <u>Breeding</u>, 6 Va. App. at 12, 365 S.E.2d at 788.  Accordingly, we affirm the decision.

<u>Affirmed</u>.