COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Charlottesville, Virginia


REVCO DRUG STORES, INC. and
 LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                      MEMORANDUM OPINION[*] BY
v.          Record No.  0720-96-3      JUDGE ROSEMARIE ANNUNZIATA
                                            NOVEMBER 19, 1996
DIANE BRUENING


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Beth M. Coyne (Fowler, Griffin, Coyne &
            Coyne, on briefs), for appellants.

            Terry L. Armentrout (Roger Ritchie &
            Partners, on brief), for appellee.


     Claimant, Diane Bruening, filed a claim for benefits,
alleging an injury by accident occurring February 2, 1994 and
arising out of and in the course of her employment with employer,
Revco Drug Stores, Inc.  The deputy commissioner denied benefits,
and the full commission reversed.  Employer appeals.

     To be compensable, a claimant's disability must have been
caused by an injury by accident arising out of and in the course
of employment.  See Southall v. Reams, Inc., 198 Va. 545, 548, 95
S.E.2d 145, 147 (1956); Ratliff v. Rocco Farm Foods, 16 Va. App.
234, 239, 429 S.E.2d 39, 42-43 (1993).  To establish an "injury
by accident," a claimant must prove "an identifiable incident or
sudden precipitating event [that results] in an obvious sudden
mechanical or structural change in the body."  E.g., Morris v.

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  To prove an injury "arose out of" employment, a claimant must show that a condition of the workplace either caused or contributed to the accident.  See, e.g., Southside Va. Training Center v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

On appeal, we construe the evidence in the light most favorable to claimant, the prevailing party below.  See, e.g., R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  We are bound by the commission's findings of fact if they are supported by credible evidence.  E.g., Continental Forest v. Wallace, 1 Va. App. 72, 73-74, 334 S.E.2d 149, 150 (1985).  In light of these principles, we affirm the decision of the commission.

There is no dispute that claimant has been disabled since February 21, 1994.  Prior to that time, claimant worked as a clerk in employer's store.  Claimant's unrebutted testimony established that on February 2 she tripped and fell over the step leading into the pharmacy area of employer's store.  At the time, claimant was carrying a two foot by one-and-one-half foot "tote," weighing approximately twenty pounds, which obstructed claimant's view of the floor and her feet.  The "tote" contained pharmaceutical inventory that claimant intended to stock on the pharmacy shelves.  Pain developed in claimant's knee the following day.  The day after that, February 4, claimant felt a "pop" in her knee as she descended the stairs from the office

area of employer's store.  Claimant reported both the February 2 trip and the February 4 incident to her treating physician, Dr. Harrison, as well as to Dr. McCue to whom Dr. Harrison referred her.  Claimant also related both incidents to the claims representative of employer's insurance carrier.  A physical therapy evaluation conducted the following Fall describes the "pop" claimant felt in her knee as a symptom of the February 2 trip.  Although Dr. Harrison initially opined that claimant's injuries were proximately caused by her "tripping over the step at work on February 4, 1994," he later stated that "the date of injury should be February 2, 1994 when she tripped up the steps."

Employer contends that claimant's injury occurred on February 4.  This contention is without merit.  The evidence clearly supports the commission's decision.  The trip claimant described as occurring on February 2 was unquestionably a sudden, precipitating event.  Although Dr. Harrison was not certain whether the mechanical change to claimant's body occurred on February 2 or 4, Dr. Harrison clearly identified claimant's trip as the causative event, on whatever day the trip occurred.

Employer also contends that the February 4 event did not "arise out of" claimant's employment.  However, claimant does not suggest that the February 4 event "arose out of" her employment.  Likewise, the commission did not find the February 4 event to be a compensable injury by accident.  Dr. Harrison's opinion, as well as the reports of Dr. McCue and the physical therapist,

- 3 -

clearly establish the causal link between claimant's injury by accident on February 2 and her disability. Claimant's injury clearly "arose out of" her employment; there can be no doubt that the carrying of the "tote" on February 2 was a condition of employment which at least contributed, if not caused, her accident.

For the foregoing reasons, we affirm the decision of the commission.

Affirmed.