COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


SOUTHWEST VIRGINIA TIRE, INC. AND
 AMERICAN MANUFACTURERS MUTUAL
 INSURANCE COMPANY
                                          OPINION BY
v.   Record No. 1492-99-3          JUDGE SAM W. COLEMAN III
                                        FEBRUARY 29, 2000
MARK ANTHONY BRYANT


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Ramesh Murthy (Penn, Stuart & Eskridge, on
          brief), for appellants.

          Gerald F. Sharp (Gerald F. Sharp, P.C., on
          brief), for appellee.


     Southwest Virginia Tire and its insurer, American

Manufacturers Mutual Insurance Company, appeal the Workers'

Compensation Commission's decision awarding Mark Anthony Bryant

temporary total disability benefits from December 31, 1997 to

the present.  Southwest argues that the commission erred by

holding that Bryant's claim was not barred by the two-year

statute of limitation under Code § 65.2-708(A) or barred by the

six-month limitation period under Code § 65.2-510(C).  For the

following reasons, we affirm the commission's decision.

                          BACKGROUND

     On June 2, 1995, Bryant suffered a compensable back injury

arising out of and in the course of his employment with

Southwest.  Bryant was awarded temporary total disability benefits from June 12, 1995 through February 5, 1996, when he returned to light-duty employment.  After returning to work, Bryant was awarded temporary partial disability.  On April 24, 1996, Southwest filed an Application for Hearing, alleging that Bryant had unjustifiably refused light-duty employment.  After a hearing, the commission found that Bryant had unjustifiably refused light-duty work suitable to his capacity and suspended his benefits pursuant to Code § 65.2-510 as of April 21, 1996, the last day for which compensation had been paid.  Bryant did not appeal that decision.

On March 31, 1998, Bryant filed a change-in-condition application requesting the resumption of temporary total disability benefits beginning December 30, 1997.  The deputy commissioner found that Bryant had become totally disabled and awarded benefits effective December 31, 1997.  On review, the commission affirmed the decision finding that Bryant's claim was not barred by either Code § 65.2-708(A) or Code § 65.2-510(C), as Southwest claimed.

ANALYSIS

A.  Code § 65.2-510(C)

First, we consider whether Bryant's claim is barred by Code § 65.2-510(C), which provides, in pertinent part, that:

> [a] cure of unjustified refusal pursuant to
> subsection A may not be established if the

- 2 -

unjustified refusal lasts more than six months from the last day for which compensation was paid before suspension pursuant to this section; however, the six-month period may be extended by the number of days a claimant is totally disabled if the disability commenced during such six-month period.

Southwest argues that because Bryant failed to "cure" his unjustified refusal of selective employment within six months from the date he refused selective employment, he is barred from claiming benefits for temporary total disability. Southwest notes that an employee may "cure" his refusal of selective employment by accepting the refused light-duty employment or by marketing his residual capacity. See generally Herbert Bros., Inc. v. Jenkins, 14 Va. App. 715, 419 S.E.2d 283 (1992); Thompson v. Hampton Inst., 3 Va. App. 668, 353 S.E.2d 316 (1987). Southwest further argues, purportedly relying upon the holdings in two commission decisions,[1] that an employee may also "cure" his refusal of selective employment by demonstrating that he is temporarily totally disabled. Thus, Southwest reasons that because Bryant's attempt to "cure" his unjustified refusal of selective employment is based upon his claim that he is temporarily totally disabled, a claim that arose after the

---

[1] Willis v. Philip Morris, Inc., VWC File No. 129-60-38 (July 26, 1994); Hughes v. Jones Masonry Co., 60 OIC 216 (1991).

six-month limitation period of Code § 65.2-510(C) expired, he is barred from making a claim for temporary total disability.

Bryant concedes that he did not cure the refusal of selective employment within the requisite period by accepting the offered selective employment or marketing his residual capacity; however, he asserts that Code § 65.2-510(C) is inapplicable to a change-in-condition application for temporary total disability.  We agree.  Moreover, Southwest misconstrues the commission's holdings in Willis and in Hughes.  The commission did not hold, as Southwest asserts, "that temporary total disability constitutes a 'cure' of a refusal to perform selective duty."  To the contrary, the commission held in Willis, "[i]t is well established that an unjustified refusal of selective employment does not operate as a bar to compensation for total work incapacity."  In Hughes the commission again reiterated that refusal of selective employment does not bar a claim for total disability based on a change in condition. Neither case held that temporary total disability "cures" a refusal to perform selective employment.

Southwest misapprehends the plain language of Code § 65.2-510(C), which deals with suspension of benefits for a partially disabled employee who unjustifiably refuses an offer of employment within the employee's residual work capacity. Code § 65.2-510 does not have any bearing upon a

- 4 -

change-in-condition application for an employee who becomes totally disabled as a result of the industrial injury, except to the extent that it may later affect whether a subsequent claim for partial disability is barred. We express no opinion on that issue which is not before us. Because Bryant is not attempting to cure his previous unjustified refusal of selective employment, but rather, is claiming that he is temporarily totally disabled, we find that Code § 65.2-510(C) is inapplicable. Therefore, the commission did not err in finding that Bryant was not barred by Code § 65.2-510(C) from raising his claim.

## B. Code § 65.2-708(A)

We next consider whether Bryant's claim for temporary total disability is barred by the twenty-four month provision of Code § 65.2-708(A). Code § 65.2-708(A) requires that a change-in-condition application be filed within twenty-four months from the last day for which compensation was paid. A change in an employee's physical condition that is compensable under Code § 65.2-708 includes, among certain other changes, any "'progression, deterioration, or aggravation'" of a previously compensated injury. Leonard v. Arnold, 218 Va. 210, 213-14, 237 S.E.2d 97, 99 (1977) (quoting 3 Arthur Larson, The Law of Workmen's Compensation § 81.31 (1976) (construing former Code § 65.1-99)). However, "a new and separate accidental injury"

- 5 -

may not be compensated as a change in condition of a previous injury.  Id. at 214, 237 S.E.2d at 99.  Thus, when an employee seeks compensation under Code § 65.2-708, the employee must prove that the change in condition is "causally connected with the injury originally compensated."  King's Market v. Porter, 227 Va. 478, 483, 317 S.E.2d 146, 148 (1984).

We have said that the language of Code § 65.2-708(A) providing that "[n]o such review shall be made after twenty-four months from the last day for which compensation was paid," is construed to mean that "the change in condition must occur within twenty-four months from the date compensation was last due or paid."  Code § 65.2-708(A); Armstrong Furniture v. Elder, 4 Va. App. 238, 241, 356 S.E.2d 614, 615 (1987) (construing former Code § 65.1-99).  We have also held that a claimant is not required by Code § 65.2-708(A) to produce the evidence prior to the expiration of the twenty-four month limitation, so long as the application alleged that a change in condition existed within the time of the filing.  See Johnson v. Smith, 16 Va. App. 167, 169-70, 428 S.E.2d 508, 510 (1993); Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991).

Bryant last received compensation on April 21, 1996.  He filed his change-in-condition application March 31, 1998.  Southwest does not dispute that Bryant filed his application

within twenty-four months from the date that he last received compensation. Southwest argues, however, that Bryant did not prove that he was totally disabled within the twenty-four month period because the documentation filed with the commission in support of his claim was a doctor's report dated June 16, 1998. Southwest reasons that because the doctor's report supporting the claim was not available to Bryant until after the time limitation had run, the filing of the claim was anticipatory and Bryant was not able to establish his claim within the statutory time limitation. The notion that the date of a medical report or even a doctor's examination must be within this statutory period in order to prove the date of onset of disability is not reasonable. A doctor may conduct an examination and, together with a medical history, render an opinion as to the cause and date of onset of a disability. The June 16, 1998 office note by Dr. Yogesh Chand, Bryant's treating physician, stated that Bryant had been totally disabled since October, 1997, when Dr. Chand reported that a recent MRI revealed a small new recurrent herniated disc.

On appeal, we view the evidence in the light most favorable to Bryant, the prevailing party. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We accept the commission's factual findings when they are supported by credible evidence. See James v. Capitol Steel Constr. Co.,

- 7 -

8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "The Commission's factual findings are 'conclusive and binding,' Code § [65.2-706], and a question raised by 'conflicting expert medical opinions' is 'one of fact'" binding upon this Court on appeal. Eccon Constr. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981) (citations omitted).

Following its review of the medical evidence, the commission gave the greatest weight to Dr. Chand's June 1998 report. The commission noted that although medical reports from Dr. G.V. Reddy, Bryant's initial treating physician, and Dr. Stephen Schroering, a physician who examined Bryant at his counsel's request, indicate that Bryant was not totally disabled and was capable of light-duty work, neither doctor examined Bryant after July 1997. See also Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989) ("Questions raised by conflicting medical opinions must be decided by the commission."). The commission found that Dr. Chand's medical opinion was supported by a recent positive MRI and Dr. Chand's contemporaneous office notes, which indicated that Bryant continued to complain of back pain and that he was "getting worse in his symptomology."

The commission did not err in finding that Bryant's claims were not barred by Code §§ 65.2-510(C) or 65.2-708(A) or by finding on the evidence before it that Bryant was temporarily

totally disabled.  We, therefore, affirm the commission's decision reinstating Bryant's temporary total disability benefits.

Affirmed.