COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


WORKSAVER MATERIAL HANDLING
 EQUIPMENT, CO., INC.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1044-02-3          JUDGE ROBERT J. HUMPHREYS
                                         JANUARY 7, 2003
ROBERT LITTLETON EPPS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          John C. Duncan, III (Duncan & Hopkins, P.C.,
          on brief), for appellant.

          Linda D. Slough (Elizabeth C. Griffin;
          Chandler, Franklin & O'Bryan, on brief), for
          appellee.


     Worksaver Material Handling Equipment Co., Inc., (employer)

appeals from a decision of the Workers' Compensation Commission

awarding Robert Littleton Epps temporary total disability

benefits and temporary partial disability benefits, for the

period after February 1, 2001.  For the reasons that follow, we

affirm the decision of the commission.


     "In accordance with well established principles, we

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

consider the evidence in the light most favorable to the prevailing party below."  Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 34, 542 S.E.2d 785, 787 (2001).  So viewed, the evidence here established that on October 11, 2000, Epps injured his left leg and ankle while driving a forklift for employer.[1]

He was taken to the emergency room where Dr. James Ramser performed surgery on his ankle and removed him from work.  Dr. Ramser released Epps to light duty on February 1, 2001.[2]  Epps then sent a certified letter to employer indicating that he was fit for light duty, consistent with Dr. Ramser's restrictions, and ready to return to work.  After approximately a week, Epps called David Harrison, a partner with Worksaver, about returning to work.[3]  Harrison told Epps that he could return to work, but he would not be driving a forklift.

---

[1] Epps testified that his duties for employer were "[a] little bit of everything, . . . painting the carts that we put together for . . . the luggage cart[,] . . . assembling the tires and put[ting] them on the carts," as well as operating a forklift.

[2] Epps was restricted to "no prolonged walking, squatting or lifting over fifteen pounds."

[3] There is conflicting evidence in the record as to when Epps sent the certified letter and spoke to Harrison.  Epps testified that he sent the letter on February 14, 2001, and spoke with Harrison on February 21, 2001.  However, Harrison testified that he signed for the letter on March 5, 2001 and that he remembered talking to Epps one or two weeks later.  Neither the letter nor the return-receipt were admitted into evidence.  The commission found that Harrison offered Epps selective employment "on or about March 12, 2001."

-

However, the men never discussed the terms or details of the light duty employment. Epps never returned to employer and, over the course of the next five months, was temporarily employed by four different employers.

On appeal, employer contends that the commission erred in awarding Epps temporary total disability benefits for the period after February 1, 2001. Specifically, employer argues the commission erred in finding the evidence sufficient to establish that Epps adequately marketed his residual work capacity after that date. We disagree.

"Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). Indeed, "[i]f there is evidence, or reasonable inferences can be drawn from the evidence, to support the [c]ommission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

"In order to continue to receive benefits under the Workers' Compensation Act, a claimant who has been injured in a job-related accident must market his remaining capacity to work. A claimant must make a 'reasonable effort' to find work suitable to his or her ability to perform." Herbert Bros., Inc. v. Jenkins, 14 Va. App. 715, 717, 419 S.E.2d 283, 284 (1992).

-

"What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case."  Greif Companies (GENESCO) v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).

> [I]n deciding whether a partially disabled
> employee has made [a] reasonable effort to
> find suitable employment commensurate with
> his abilities, the commission should
> consider such factors as: (1) the nature and
> extent of employee's disability; (2) the
> employee's training, age, experience, and
> education; (3) the nature and extent of
> employee's job search; (4) the employee's
> intent in conducting his job search; (5) the
> availability of jobs in the area suitable
> for the employee, considering his
> disability; and (6) any other matter
> affecting employee's capacity to find
> suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted).  "The commission . . . determines which of these or other factors are more or less significant with regard to the particular case."  Id. at 272-73, 380 S.E.2d at 34-35; see also Lynchburg General Hospital v. Spinazzolo, 22 Va. App. 160, 168, 468 S.E.2d 146, 150 (1996).  Thus, in examining Epps' "intent in conducting his job search," the commission had to determine "whether it was evident from the employee's conduct that he was acting in good faith in seeking suitable employment."  National Linen Serv., 8 Va. App. at 272 n.3, 380 S.E.2d at 34 n.3.

Here, Epps established that he contacted employer about light duty employment on at least two occasions and that he

-

obtained four positions with other employers, all within a five month period of time. On these facts, we find there is credible evidence in the record to support the commission's finding that Epps' job search was made in good faith. Epps "necessarily [marketed] his residual capacity during [that] time because he located employment," at times making a "significant wage compared to his pre-injury wage." See Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 68-69, 334 S.E.2d 592, 595 (1985) ("Only if the factual findings are not supported by credible evidence does the question of sufficiency of the evidence become one of law and a proper subject for review on appeal.").

Employer next contends that the commission erred in finding that Epps did not refuse selective employment. We again disagree.

Code § 65.2-510(a) provides that "[i]f an injured employee refuses employment procured for him suitable to his capacity, he shall only be entitled to the benefits provided for in §§ 65.2-503 and 65.2-603 . . . during the continuance of such refusal, unless in the opinion of the [c]ommission such refusal was justified." "This statute does not require that employers make selective employment available. But the relief thereby afforded an employer when an employee unjustifiably refuses to accept or continue selective employment is limited to those cases in which the employer has provided or procured such employment." Big D Quality Homebuilders v. Hamilton, 228 Va.

-

378, 381-82, 322 S.E.2d 839, 841 (1984) (citation omitted).

> In Ellerson v. W. O. Grubbs Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985), we held that "in order to support a finding [of refusal] based upon Code [§ 65.2-510], the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job."

Johnson v. City of Clifton Forge, 9 Va. App. 376, 377, 388 S.E.2d 654, 655 (1990).

"In the case of a refusal of selective employment, the employer has the burden to show that the position offered is within the employee's residual capacity." American Furniture Co. v. Doane, 230 Va. 39, 42, 334 S.E.2d 548, 550 (1985). "[E]mployment 'suitable to [the employee's] capacity' means employment within the employee's residual capacity resulting from the industrial accident." Id. Further, "[t]o constitute a bona fide offer, the selective employment contemplated by Code § 65.2-510 must be upon terms and conditions sufficiently specific to permit informed consideration by an employee, and comprised of duties consistent with employee's remaining work capacity." Hillcrest Manor, 35 Va. App. at 37, 542 S.E.2d at 788 (citations omitted).

The evidence in the record does not demonstrate that Harrison offered Epps information as to what the light duty position would be and/or what the position might entail.

-

Accordingly, we find no error in the commission's determination that employer failed to establish it had made Epps a _bona_ _fide_ offer of employment, within the confines of his residual capacity.

For these reasons, we affirm the decision of the commission.

<u>Affirmed.</u>

-