COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


MEDINSIGHTS AND LUMBERMENS
 MUTUAL CASUALTY COMPANY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2614-05-2                      JUDGE JAMES W. HALEY, JR.
                                                         MAY 23, 2006
SANDRA L. KISNER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Jesse F. Narron (Kari Lou Frank; Penn Stuart, on briefs), for
           appellants.

           Jean M. McKeen (Fitzgerald, Tomlin & McKeen, PLLC, on brief),
           for appellee.


                                          I.

     Appellant Medinsights maintains that Sandra L. Kisner's claim for permanent partial

disability was barred by the statute of limitations set forth in Code § 65.2-708(B).[1]  We affirm

the commission's holding that the claim was timely.

                                          II.

                                        Facts

     On February 22, 2001, Kisner suffered a compensable injury to her right knee as a result

of a car accident.  That injury, diagnosed in April 2001, included a horizontal and small vertical

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

     [1] Code § 65.2-708(B) reads "[i]n those cases where no compensation has been paid, the
Commission may make an award under § 65.2-503 within thirty-six months from the date of the
accident."

tear of the medial meniscus and patellofemoral syndrome. Right knee surgery was performed in August 2001. The commission entered an award for medical benefits on May 9, 2001.

On February 17, 2004, within the 36-month period set forth in Code § 65.2-708(B), Kisner filed a claim for permanent partial disability.

The medical record shows that Kisner experienced problems with her knee continuously since the accident. Pain and swelling of the knee necessitated debridement in 2001 and multiple aspirations (draining of fluid) in 2003. On August 29, 2002, Kinser reported pain "with extended sitting, driving and standing" and on April 22, 2003 reported "chronic medial [right] joint line pain." On December 17, 2003, a medical report documented "effusion [with] apparent hypersensitivity in [right] LE [lower extremity]." On November 11, 2003, Dr. Shannon M. Wolfe began "management of RSD"[2] and concluded claimant "very well could have early RSD."

Though more than 36 months after the accident, on June 29, 2004 Dr. Wolfe opined that "from my standpoint most of her problems stem from RSD and I have been mostly treating her knee." Likewise Dr. Shane J. Kraus performed an independent medical examination and by report dated October 21, 2004 concluded "claimant's condition is related to the motor vehicle accident in 2001, and the subsequent knee instability cause[ed] by RSD in 2003 . . . ." He found a "48% right lower extremity impairment."[3]

By decision of September 28, 2005, the commission concluded that "the weight of the medical evidence shows the claimant suffered from a permanent partial impairment . . . albeit not yet quantified -- within 36 months of her industrial injury . . . ."

---

[2] Reflex Sympathy Dystrophy (RSD) is a chronic neurological syndrome characterized by pain, tissue swelling, and sensitivity to touch.

[3] The parties have now stipulated to a 25% permanent partial impairment to Kisner's right lower extremity.

III.

Analysis

As noted, Kisner's claim for permanent partial disability was filed within the 36-month period set forth in Code § 65.2-708(B).

In Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 401 S.E.2d 213 (1991), the medical evidence establishing a specific permanent partial disability rating was not generated until after the applicable period of limitation. We held:

> At the time Hobson filed his application for benefits, he had suffered a compensable injury by accident. His application plainly specified that he was seeking benefits for permanent partial disability. "This disability was present and existing when the application was filed; therefore the application did not anticipate a future disability and did give the employer sufficient notice of the claim." Continental Forest Indus. v. Wallace, 1 Va. App. 72, 74, 334 S.E.2d 149, 150 (1985). Hobson's filing, thus, fulfilled the intent of the Act – that the injured employee assert, within the limitation period, the existence of a claim growing out of a compensable injury by accident. See Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975).

Id. at 678, 401 S.E.2d at 215. See also Keith v. Ball Metal Beverage Container Corp., 45 Va. App. 50, 608 S.E.2d 501 (2005) (holding the same in the context of Code § 65.2-601).

We applied "the Hungerford interpretation . . . to Code § 65.2-708" in Johnson v. Smith, 16 Va. App. 167, 169, 428 S.E.2d 508, 510 (1993). There, we reversed the commission's conclusion "that the permanent partial injury must be established by evidence within the thirty-six month limitation period . . . ." Id. at 169, 428 S.E.2d at 509-10. Rather, we held that, while it must be established that disability was present and existing within that period, evidence supporting that presence and existence may be generated subsequent to the period of limitation. "Although Johnson did not seek a diagnosis . . . until . . . after the expiration of the thirty-six month period . . . this fact does not preclude a finding that a disability existed during the . . . period . . . ." Id. at 170, 428 S.E.2d at 510.

- 3 -

Finally, in Sw. Va. Tire, Inc . v. Bryant, 31 Va. App. 655, 661, 525 S.E.2d 563, 566 (2000), dealing with Code § 65.2-308(A), we explained that

> The notion that the date of a medical report or even a doctor's examination must be within this statutory period in order to prove the date of onset of disability is not reasonable. A doctor may conduct an examination and, together with a medical history, render an opinion as to the cause and date of onset of a disability.

That being said, the issue then becomes whether there existed sufficient medical evidence to maintain the commission's finding that Kisner suffered a permanent partial impairment within 36 months of February 22, 2001, the date of the accident.

We here review that evidence in the light most favorable to Kisner, the prevailing party. Pruden v. Plasser Am. Corp., 45 Va. App. 566, 571, 612 S.E.2d 738, 740 (2005). And we grant all reasonable inferences from that evidence to a prevailing party. Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (*en banc*). "We do not judge the credibility of witnesses or weigh the evidence on appeal." Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985). "[T]he function of the appellate court, when reviewing the sufficiency of the evidence, is to determine whether there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved." Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original).

Consistent with these principles, we find that the evidence adduced, both before and after the expiration of the 36-month filing period prescribed by Code § 65.2-708(B), suffices for the commission to conclude that Kisner suffered a permanent partial disability within the statutory period.

The commission found that appellant's permanent partial disability stemmed from RSD caused by her workplace injury. The record reflects, and the commission cited, evidence of "demonstrated probable symptoms of RSD – a debilitating condition – in 2003, well within 36

months of her industrial accident." Dr. Wolfe had noted such symptoms in 2003, and Kisner received physical therapy for a diagnosis of RSD in late 2003 and early 2004. Viewed in the light most favorable to Kisner, this evidence, all from within the 36-month period, supports the commission's conclusion that her claim was not barred by the statute of limitations.

Affirmed.