COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia

**UNPUBLISHED**

TARGET CORPORATION AND SEDGWICK
 CLAIMS MANAGEMENT SERVICES

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0576-12-4                JUDGE WILLIAM G. PETTY
                                                    JANUARY 8, 2013
WILMA VELASQUEZ


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Tenley Carroll Seli (Billy & Seli, P.C., on brief), for appellants.

            Manuel R. Geraldo (Robinson & Geraldo, on brief), for appellee.


        Target Corporation and Sedgwick Claims Management Services (hereinafter referred to

collectively as "employer") appeal a decision of the Workers' Compensation Commission

awarding claimant, Wilma Velasquez, permanent partial disability benefits for the five percent

loss of use of her right leg.  Employer argues that the commission lacked jurisdiction to award

permanent partial disability benefits to Velasquez because she failed to perfect her claim by

filing evidence of permanent impairment to a ratable member within the thirty-six month period

prescribed by Code § 65.2-708(B).  For the reasons expressed below, we disagree.  Accordingly,

we affirm the commission's decision.

                                                    I.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc).

## II.

Employer argues that under Code § 65.2-708(B), a claimant must not only file a claim for permanent partial disability benefits, but must also provide evidence of permanent impairment, within thirty-six months from the date of the accident. We disagree.

Code § 65.2-708(A) provides that the commission may review and modify a previously entered award if a claimant experiences a change in condition. It further provides:

> No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.2-503 [the section addressing permanent partial and permanent total loss and disfigurement] . . . .

Code § 65.2-708(A). Code § 65.2-708(B) then provides: "In those cases where no compensation has been paid, the Commission may make an award under § 65.2-503 within thirty-six months from the date of the accident."

Under Code § 65.2-708, a claimant must "assert, within the limitation period, the existence of a claim growing out of a compensable injury by accident." Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991) (construing what is now Code § 65.2-601). Of course, to receive an award under Code § 65.2-708(B), a claimant must also prove that his disability existed within the thirty-six month limitation period as well. Cf. Sw. Va. Tire, Inc. v. Bryant, 31 Va. App. 655, 660, 525 S.E.2d 563, 566 (2000) (noting that under Code

§ 65.2-708(A), the change in condition must have occurred within the applicable limitation period).  Ultimately, "[i]n order to recover, [a claimant has] the burden of establishing by a preponderance of the evidence the existence of a disability which was the consequence of the injury by accident."  Hungerford Mech. Corp., 11 Va. App. at 678, 401 S.E.2d at 215.

However, this Court has already rejected the contention that a claimant must provide medical evidence establishing a permanent disability within the statutory limitation period.  Johnson v. Smith, 16 Va. App. 167, 428 S.E.2d 508 (1993) (construing Code § 65.2-708(A)).  In Johnson, the claimant was injured by a compensable accident on December 23, 1985, and received payment of compensation for temporary total work incapacity from the date of the accident until July 6, 1986.  Id. at 168, 428 S.E.2d at 509.  On February 17, 1989, within the applicable thirty-six month limitation period under Code § 65.2-708(A), the claimant filed a change-in-condition application seeking permanent partial disability payments for the loss of use of his right hand.  Id.  However, the last time claimant had seen his doctor was on July 3, 1986, at which time his doctor had released him to return to work the following week.  Id.  The claimant did not visit his doctor again until July 30, 1991, over five years after his last visit to the doctor and over two years after the applicable limitation period had expired.  Id.  The doctor did not provide a disability rating for the claimant's right hand until September 9, 1991.  Id.

The commission in Johnson "concluded that the permanent partial injury must be established by evidence within the thirty-six month limitation period and that there was no such evidence in this case."  Id. at 169, 428 S.E.2d at 509-10.  This Court, however, reversed the commission's decision.  This Court held that "the Hungerford interpretation of Code § 65.2-601 . . . also applies in this case to Code § 65.2-708 concerning the statute of limitations for review of

- 3 -

an award on a change of condition." Id. at 169, 428 S.E.2d at 510.  As the Court had explained in Hungerford:

> "At the time [the claimant] filed his application for benefits, he had suffered a compensable injury by accident.  His application plainly specified that he was seeking benefits for permanent partial disability.  This disability was present and existing when the application was filed; therefore the application did not anticipate a future disability and did give the employer sufficient notice of the claim.  [The claimant's] filing, thus, fulfilled the intent of the Act—that the injured employee assert, within the limitation period, the existence of a claim growing out of a compensable injury by accident.  In order to recover, [the claimant] had the burden of establishing by a preponderance of the evidence the existence of a disability which was the consequence of the injury by accident."

Id. at 169-70, 428 S.E.2d at 510 (quoting Hungerford Mech. Corp., 11 Va. App. at 678, 401 S.E.2d at 215).

The Court in Johnson noted that the uncontradicted evidence demonstrated that the claimant did indeed have a permanent disability that existed at the time he filed his change-in-condition application, within the thirty-six month limitation period.  Id. at 170, 428 S.E.2d at 510.  Importantly, the Court reasoned that despite the fact the claimant had not sought a diagnosis from his doctor until after the limitation period had expired, "this fact [did] not preclude a finding that a disability existed during the thirty-six month period."  Id.  Thus, the Court rejected the notion that evidence establishing a permanent disability must be presented within the limitation period under Code § 65.2-708.

Johnson establishes that as long as a claimant files an application or claim under Code § 65.2-708 within the applicable limitation period, evidence supporting that claim may be presented after the limitation period has expired.  The claimant simply has to prove that he has a permanent disability that existed within the limitation period and that was caused by a

- 4 -

compensable accident. See Sw. Va. Tire, Inc., 31 Va. App. at 660-61, 525 S.E.2d at 566 ("We have . . . held that a claimant is not required by Code § 65.2-708(A) to produce the evidence prior to the expiration of the twenty-four month limitation, so long as the application alleged that a change in condition existed within the time of the filing." (citing Johnson, 16 Va. App. at 169-70, 428 S.E.2d at 510; Hungerford Mech. Corp., 11 Va. App. at 678, 401 S.E.2d at 215)); Hungerford Mech. Corp., 11 Va. App. at 678, 401 S.E.2d at 215 ("The timely filing of evidence in accordance with the commission's rules and the facts established by that evidence are the operative considerations in determining whether a claimant is entitled to compensation benefits."). Indeed, "[t]he notion that the date of a medical report or even a doctor's examination must be within [the] statutory period in order to prove the date of onset of disability is not reasonable." Sw. Va. Tire, Inc., 31 Va. App. at 661, 525 S.E.2d at 566.

Here, Velasquez suffered an accident at work on October 6, 2004. She filed a claim for benefits with the commission on September 6, 2005. In her claim, she indicated that she was seeking compensation for permanent disability and payment of lifetime medical costs for her injury. Upon employer's agreement to pay Velasquez's medical bills, the commission entered an award for lifetime medical benefits. However, employer stated that it needed an evaluation of Velasquez's claimed permanent partial disability before it would agree to pay permanent partial disability benefits. Velasquez continued intermittently seeing doctors regarding her right leg until, on April 14, 2008, a specialist she had been seeing stated that she had reached maximum medical improvement, rated her permanent partial disability in her right leg at five percent, and affirmed that her condition was causally related to the injury she sustained on October 6, 2004.

Thus, Velasquez filed a claim for permanent disability benefits well within the thirty-six month time period prescribed by Code § 65.2-708(B). The fact that she did not obtain medical

evidence supporting this claim until after the thirty-six month period had passed does not bar her claim. Velasquez presented credible evidence before the commission establishing "the existence of a disability which was the consequence of the injury by accident" and which "'was present and existing when the application was filed.'" Hungerford Mech. Corp., 11 Va. App. at 678, 401 S.E.2d at 215 (quoting Cont'l Forest Indus. v. Wallace, 1 Va. App. 72, 74, 334 S.E.2d 149, 150 (1985)). Her "filing . . . fulfilled the intent of [Code § 65.2-708]—that the injured employee assert, within the limitation period, the existence of a claim growing out of a compensable injury by accident." Id.

Therefore, we hold that the commission did not err in awarding permanent partial disability benefits to Velasquez.

III.

For the foregoing reasons, we affirm the commission's decision.

Affirmed.